UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


<u>Animal Hospital of Nashua, Inc.</u>,
     Plaintiff

     v.                                Case No. 11-cv-448-SM
                                       Opinion No. 2012 DNH 157
<u>Antech Diagnostics and
Sound-Eklin</u>,
     Defendants


                          **O R D E R**


     The motion of Defendant/Counterclaim Plaintiff, Antech Diagnostics ("Antech"), for relief under Fed. R. Civ. P. 56(d), document no. 46, is granted.


     On June 28, 2012, four months before the discovery cut-off date of November 5, 2012, Plaintiffs/Counterclaim Defendants, Animal Hospital of Nashua and Dr. Leo Bishop (collectively "AHN"), filed motions for summary judgment (doc. nos. 40 and 41) on Antech's counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. Antech requests that the court deny or defer ruling on AHN's summary judgment motions until after the discovery cut-off date, or, more specifically, until after it has deposed AHN's corporate designees and its principal, Dr. Bishop.  <u>See</u> Fed. R. Civ. P. 56(d).

To secure the relief it seeks, Antech must first demonstrate that it has been "'diligent in pursuing discovery before the summary judgment initiative surfaced.'"  Estate of Kenney v. Floyd, 2012 WL 642810, at *5 (D.N.H. Feb. 28, 2012) (Barbadoro, J.) (quoting C.B. Trucking, Inc. v. Waste Mgmt. Inc., 137 F.3d 41, 44 (1st Cir. 1998)).  The court finds that Antech has met this requirement.

In April 2012, in an effort to "focus[…] their efforts on resolving discovery disputes," the parties agreed to postpone depositions that Antech had noticed for April 2012.  Lamkin Aff., doc no. 46-2, ¶ 8.  On April 30, 2012, the parties jointly filed a motion to extend the discovery cut-off date from June to November, 2012.  In their motion, they represented to the court that both sides "have been diligently pursuing discovery."  Doc. no. 34, pg. 1.  On May 1, 2012, the court granted the motion and reset the discovery cut-off date to November 5, 2012, the deadline for filing summary judgment motions to March 29, 2013, and the trial date to July 23, 2013.  On June 28, 2012, at a time when "neither party [had yet] taken any depositions," id. par. 6 (emphasis added), AHN filed its motions for summary judgment.  Given these circumstances, the court rejects AHN's assertion that Antech has not been diligent in seeking the depositions of AHN's corporate designees and principal.

In addition to showing that it has diligently pursued discovery, Antech has also identified "'material evidence that it [is] likely to uncover if it [were] given additional time to conduct discovery.'" Estate of Kenney, 2012 WL 642810, at *5 (quoting C.B. Trucking, 137 F.3d at 45). Specifically, Antech proposes that the depositions of Dr. Bishop and AHN's corporate designees will uncover extrinsic evidence of the circumstances of the negotiations and the deponents' intentions and understandings of the negotiated terms.

Such evidence meets Rule 56(d)'s "necessarily low" "threshold of materiality." Resolution Trust Corp. v. North Bridge Assoc., 22 F.3d 1198, 1207 (1st Cir. 1994). In its summary judgment motions, AHN asserts that the agreements are unambiguous, but it also advances fallback arguments in the event the court finds the agreements to be ambiguous. AHN also asserts that Dr. Bishop "did not intend to bind himself personally to the agreements." Bishop Motion for Summary Judgment, Doc. no. 40-1, pg. 7 (citing Bishop Aff., ¶ 6). Because AHN has explicitly raised the issue of possible contract ambiguity and the question of Dr. Bishop's intent, the extrinsic evidence Antech seeks — that is, evidence relating to the circumstances of the negotiations and the deponents' intentions — is likely material to Antech's defense against the summary judgment motions.

Although ANH disputes the legal significance of the extrinsic evidence Antech seeks to discover, a "lack of materiality is not apparent." Resolution Trust, 22 F.3d at 1208. The court, therefore, will "err, if at all, on the side of liberality." Id.

Accordingly, because Antech has satisfied the requirements for relief under Rule 56(d), its motion (doc. no. 46), is granted. AHN's motions for summary judgment (doc. nos. 40 and 41) are denied without prejudice to re-filing after the close of discovery. Antech's motion to strike portions of the affidavit and exhibits attached to AHN's motion for summary judgment (doc. no. 45) is denied as moot.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 10, 2012

cc: Julie B. Brennan, Esq.
    Adam J. Chandler, Esq.
    Brian H. Lamkin, Esq.
    Christopher T. Vrountas, Esq.